Scott Kalkin, State Bar No. 120791
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
369 Pine Street, Suite 820
San Francisco, California 94104
(415) 732-0282

Attorney for Plaintiff Albert Acosta

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Albert Acosta,<br><br>              Plaintiff,<br><br>v.<br><br>Prudential Insurance Company of America, and The Tesla Inc., Health and Welfare Plan, a.k.a. Health and Welfare Plans - Tesla Motors, Inc.<br><br>              Defendants. | ACTION NO.: 20- cv- 6316<br><br>**COMPLAINT** |

## JURISDICTION

1. This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502 of ERISA (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

## VENUE

2. Venue lies in the Northern District of California because, pursuant to ERISA §

502 (e) (2) (29 U.S.C. § 1132 (e) (2)), the Tesla Inc., Health and Welfare Plan (a.k.a. Health and Welfare Plans - Tesla Motors, Inc. (hereinafter the "PLAN"), is administered in this District and the wrongful conduct alleged herein took place in this District.  Venue is also proper pursuant to 28 U.S.C. § 1391 (b), in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3.    This action should be assigned to the division in San Francisco pursuant to Civil Local Rule 3-2(c) and (d) because it arose from actions that occurred in the County of San Francisco, the location where a substantial portion of the long term disability claim which is the subject of this lawsuit was administered.

## PARTIES

4.    At all relevant times, plaintiff ALBERT ACOSTA was, and is, a PARTICIPANT, as defined in ERISA § 3 (7) (29 U.S.C. § 1002 (7)), in the PLAN.

5.    At all relevant times, the Tesla Inc., Health and Welfare Plan, a.k.a. Health and Welfare Plans - Tesla Motors, Inc., was an employee welfare benefit plan within the meaning of ERISA § 3 (1) (29 U.S.C. § 1002 (1)), sponsored by Tesla, Inc., and/or its predecessor(s) and/or successor(s) in interest, and administered, at least in part, in San Francisco, California. At all relevant times, the PLAN offered disability benefits to the employees of Tesla Inc., and/or Tesla Motors, Inc., including plaintiff, through, *inter alia*, an insurance policy issued by defendant Prudential Insurance Company of America (hereinafter "Prudential").

6.    At all relevant times, defendant Prudential was a claim administrator and fiduciary of the PLAN(s) within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002 (21).

## FACTS COMMON TO ALL CLAIMS

7.    Prior to his disability, plaintiff worked full-time as a Production Associate at Tesla Motors, Inc.

8.    Between January 25, 2017, and the present, and at all other relevant times,

plaintiff complied with all terms and conditions of the PLAN and was, and continues to be, totally disabled under the terms of the PLAN.

9. On or about January 25, 2017, plaintiff filed a claim for disability benefits with defendant Prudential and the PLAN. Plaintiff had been suffering from prolonged sickness as a result of his total disability. As a result of this, and other acute and chronic medical problems, plaintiff was found to be disabled by his treating physician.

10. On or about July 26, 2017, Prudential approved plaintiff's claim for benefits.

11. On or about May 20, 2019, Prudential terminated plaintiff's benefits, effective July 26, 2019, alleging that certain information in its possession indicated that plaintiff no longer met the definition of disability under the terms of the PLAN.

12. On or about July 30, 2019, plaintiff was approved for Social Security disability benefits after a hearing before an administrative law judge.

13. On or about August 1, 2019, plaintiff filed an appeal with Prudential regrading the termination of his benefits. Among other things, plaintiff sent Prudential additional documentation of his disability and asked that it pay his benefits.

14. Defendant Prudential denied his appeal on or about October 2, 2019.

15. On or about December 6, 2019, and at other times, plaintiff, through counsel, requested that Prudential and the PLAN produce certain documents to which he was entitled pursuant to ERISA and the applicable Department of Labor regulations.

16. On or about March, 27, 2020, plaintiff filed a second level appeal of Prudential's termination of his benefits. Among other things, plaintiff sent Prudential additional documentation of his disability and asked that it pay his benefits.

17. On or about September 4, 2020, Prudential denied plaintiff's second level appeal.

18. Plaintiff has exhausted his administrative remedies.

**FIRST CLAIM FOR RELIEF**
(Claim for Plan Benefits Pursuant to ERISA § 502(a) (1) (B); [29 U.S.C. § 1132(a)(1)(B)].)

19. Plaintiff realleges and incorporates as though set forth in full the allegations contained in paragraphs 1 through 18 of this complaint.

20. ERISA § 502(a) (1) (B) (29 U.S.C. § 1132 (a) (1) (B)), permits a participant in a plan to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or clarify his rights to future benefits under the terms of a plan.

21. By, *inter alia*, failing to pay plaintiff long-term disability benefits despite his complying with the PLAN's requirement of submitting proof of his total disability; relying on a standard of proof not articulated in the PLAN's provisions; refusing to provide plaintiff with medical or other documentation which substantiated its decision to terminate benefits; failing to produce documents to which plaintiff was entitled pursuant to ERISA and the applicable Department of Labor Regulations, and failing to make a timely decision on plaintiff's claim, defendants have violated, and continue to violate, the terms of the PLAN(S) and plaintiff's rights thereunder.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendants as is hereinafter set forth.

**SECOND CLAIM FOR RELIEF**

(For Equitable Relief Under ERISA §502(a) (3).)

22. Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 20 of this complaint.

23. ERISA § 502(a) (3) [29 U.S.C. § 1132 (a) (3)], permits a participant in a plan to bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of a plan or ERISA, or to enforce any term(s) of a plan or of ERISA.

24. In its capacity as a claims fiduciary, defendant Prudential owed plaintiff certain

fiduciary duties, including that it discharge its duties:

    1)  for the exclusive purposes of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the PLAN;

    2)  with the care, skill and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

    3)  in accordance with the documents and instruments governing the PLAN; and

    4)  without misleading plaintiff or misrepresenting information about the status of his claim.

25. In refusing to pay the benefits at issue herein, defendant Prudential has violated the terms of the PLAN, ERISA and Department of Labor Regulation 29 C.F.R. § 2560.503-1, by its acts, including, but not limited to: breaching its fiduciary duties under ERISA § 404 (29 U.S.C. § 1104); violating the terms of the PLAN; failing to furnish plaintiff with documents relating to his claim for benefits within the time period specified by the applicable Department of Labor Regulations; acting in bad faith by denying his claim in reliance upon a standard not set forth in the PLAN; failing to provide specific reference to pertinent PLAN provisions on which the denial was based;  failing to provide plaintiff with a description of what information was needed to perfect his claim; and ignoring evidence, medical records and physicians' opinions which support plaintiff's claim.

26. Defendant Prudential's acts and omissions as alleged herein constitute a breach of its fiduciary duties owed to plaintiff.

27. As a direct and proximate result of defendant's breach of its fiduciary duties as herein alleged, plaintiff has incurred consequential financial losses and defendant has realized gains, meriting the imposition of an equitable surcharge against defendant Prudential.

28. As a direct and proximate result of the improper acts and/or omissions herein

alleged, plaintiff has been compelled to incur reasonable attorney's fees and other costs associated with the investigation of this claim and the prosecution of this action.

WHEREFORE, plaintiff prays that the Court enter judgment against defendant Prudential as is hereinafter set forth:

### THIRD CLAIM FOR RELIEF

(For Penalties Under ERISA §502(a)(1)(A) [29 U.S.C. § 1132(a)(1)(A)])

28. Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 27 of this complaint.

29. ERISA section 502(c) and the related Department of Labor regulations provide, in pertinent part, that any administrator who fails or refuses to comply with a request for any information which such administrator is required to furnish to a participant within thirty (30) days of a request therefor may be liable to the participant for penalties of up to $110.00 per day from the date of such failure or refusal, as well as for such other relief as the Court deems proper.

27. On December 9, 2019, and again on June 3, 2020, plaintiff's counsel sent a request for plan documents and other documents to the PLAN's Administrator. The requests were sent by Federal Express overnight delivery and delivered on December 10, 2019, and June 4, 2020, respectively. Both deliveries were signed for by T. Tieu. Plaintiff, as a plan participant, was entitled to the documents requested pursuant ERISA and the applicable Department of Labor regulations.

28. Despite these request, said defendant has failed and refused, and continues to fail and refuse, to provide plaintiff with the requested documents. As such, plaintiff is entitled to an award of penalties and other appropriate relief as set forth above.

WHEREFORE, plaintiff prays that the Court enter judgment against the defendants, and each of them, as follows:

**PRAYER FOR RELIEF**

A. Declare that defendants violated the terms of the PLAN and plaintiff's rights thereunder by failing to pay plaintiff long-term disability benefits;

B. Order defendants to pay plaintiff all long-term disability benefits due him pursuant to the terms of the PLAN, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C. Declare plaintiff's right to receive future disability benefit payments under the terms of the PLAN;

D. Declare that Prudential has breached its fiduciary duties to plaintiff and the PLAN and enjoin Prudential from further breaches of its fiduciary duties;

E. Impose an equitable surcharge, payable to plaintiff, against defendant Prudential, in an amount sufficient to fully compensate him for the consequences of its breach measured by financial loss to plaintiff and/or the gain realized by said defendant.

F. Award plaintiff pre-judgment interest on all monies requested herein;

G. Award plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g) [29 U.S.C. § 1132 (g)];

H. Assess penalties against defendant plan administrator pursuant to 29 U.S.C. § 1132(c) and the applicable Department of Labor Regulations for each failure to timely produce documents and information; and

I. Provide such other relief as the Court deems equitable and just.

**ROBOOSTOFF & KALKIN**

Dated: September 8, 2020    By:  /s  
Scott Kalkin  
Attorneys for plaintiff